IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMGUARD INSURANCE COMPANY,

Plaintiff,

v.

SEALED UNIT PARTS CO., INC.,

Defendant.

CIVIL ACTION FILE
NO. 1:20-CV-5296-TWT

## OPINION AND ORDER

This is a subrogation action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 26]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 26] is GRANTED.

### I. Background

This case arises out of a fire that allegedly occurred at a Red Roof Inn in Lithonia, Georgia on July 27, 2020. (Compl. ¶¶ 2, 10.) The fire allegedly originated within a bathroom exhaust fan sold under the model name "SM550." (*Id.* ¶¶ 2, 7–8, 10.) The Plaintiff, AmGuard Insurance Company ("AmGuard"), insured this Red Roof Inn. (*Id.* ¶ 2.) The Plaintiff alleges that the Defendant, Sealed Unit Parts Company ("SUPCO"), manufactured the fan, and that this product caused the fire. (*Id.* ¶¶ 7–8, 10.) While no personal injuries occurred, the Plaintiff brought these several claims against the Defendant to recover for the fire damage. (*Id.* ¶¶ 15–36.) The Plaintiff has abandoned its strict liability and breach of warranty claims but proceeds with its negligence claim against

the Defendant, and the Defendant now seeks summary judgment on that claim. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 14 n.4.)

## II.  Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.  Discussion

The scope of the Plaintiff's remaining negligence claims turns in large part on whether Georgia law deems the Defendant a manufacturer or a mere seller of the product at issue. The Plaintiff claims that the Defendant violated three duties as a manufacturer and three duties as a supplier. If the Defendant is not a manufacturer under Georgia law, then half of these claims fail as a matter of law. In Georgia, "manufacturers are those entities that have an active role in the production, design, or assembly of products." *Buchan v.*

*Lawrence Metal Prod., Inc.*, 270 Ga. App. 517, 520 (2004). In contrast, "[a]n entity which merely affixes its label to a product and sells it under its name is a product seller rather than a manufacturer under" Georgia law. *Alltrade, Inc. v. McDonald*, 213 Ga. App. 758, 760 (1994). The Plaintiff claims that the Defendant is a manufacturer because it "combined the subject motor with fan blades and intended it to be used withing a fan housing[.]" (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 17.) The Defendant responds by arguing that the relevant product here is the motor alone, which the Parties do not dispute was manufactured by a third party. (Def.'s Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 2.)

There is some support for the Plaintiff's position here. First, as alleged by the Plaintiff in its Complaint, the fire originated from "a bathroom exhaust/ventilation fan." (Compl. ¶¶ 8, 10.) Second, the Defendant does not dispute the Plaintiff's asserted fact that "[t]he SUPCO model SM550 contains a separately sourced generic motor and fan impeller blades[.]" (Pl.'s Statement of Add'l Material Facts ¶ 1.) However, there are no allegations that the fan blades contributed to the fire. Instead, the Plaintiff notes that the Parties "agree that the fire stemmed from the failure and subsequent overheating of a motor contained with the bathroom ceiling exhaust fan assembly of Room 216." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J, at 2; *see also id.* at 15.) Further, the Plaintiff neither alleges nor provides evidence suggesting that the Defendant manufactured the fan blades included with the motor. Indeed, the

3

Plaintiff's response to the Defendant's Statement of Undisputed Facts implies that the fan blades were also sourced from an independent manufacturer. (*See* Pl.'s Response to Def.'s Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶ 9.) From this record, the Court cannot conclude that the Defendant is a manufacturer of the fan assembly solely because the motor and fan blades were shipped together. Without evidence that the Defendant manufactured the fan blades, and with the concession that the motor alone allegedly caused the fire, the Court finds that the Defendant cannot be held liable as a manufacturer here. In so far as the Plaintiff's negligence claims rely upon such a characterization, the Defendant is entitled to summary judgment.

The Court now moves to the Plaintiff's negligence claims against the Defendant as a product seller of the allegedly defective motor and addresses each one in turn.

### A. Negligent Misrepresentation & Failure to Warn

Under Georgia law, a claim for negligent misrepresentation requires: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 267 Ga. 424, 426 (1997). In their Response Brief, the Plaintiff argues that the Defendant advertised the SM550 as "an exact replacement for a Broan Nutone bathroom exhaust fan[,]" which is contradicted by the undisputed facts. (Pl.'s

4

Br. in Opp'n to Def.'s Mot. for Summ. J., at 24; Pl.'s Statement of Add'l Facts ¶¶ 4–5.) The Defendant claims there is no evidence in the record that any third person relied on any such misrepresentations even if they did occur. (Def.'s Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 5–6.)

Regardless of the merits of the Plaintiff's claim, the Plaintiff failed to plead this cause of action in its Complaint. As detailed above, negligent misrepresentation is an independent cause of action in Georgia and must be pleaded separately from a common-law negligence claim. Even if the Court reads the Plaintiff's negligence claim broadly, the Complaint includes no allegations that the Defendant provided any false information or that any third party relied on such misrepresentations. The Plaintiff cannot raise a new claim in response to a summary judgment motion. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). As a result, the Plaintiff's negligent misrepresentation claim fails as a matter of law.

The same is true for the Plaintiff's failure to warn claim described in its briefing. The Plaintiff argues that the Defendant failed to warn purchasers that the SM550 was not an exact replacement of the Broan Nutone fan and that it should have known the model could not be used as such. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 26–27.) However, the Complaint makes no allegations that would lend itself to such a claim. The Complaint contains no mention of the lack of proper warnings or allegations that the absence of

such warnings proximately caused the Plaintiff's injuries. *See Dietz v. Smithkline Beecham Corp*, 598 F.3d 812, 815 (11th Cir. 2010) ("Georgia law insists that a plaintiff show that the defendant had a duty to warn, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury.") The Plaintiff is not entitled to make such a claim in its briefing, and the failure to warn claim fails.

### B.  Negligent Undertaking of a Duty

Georgia has adopted § 324A of the Second Restatement of Torts and recognizes a cause of action for the negligent performance of an undertaking. *Huggins v. Aetna Cas. & Sur. Co.*, 245 Ga. 248, 248 (1980.) The Plaintiff argues that the Defendant violated this duty when it failed to determine that the SM550 was not an exact replacement for the Broan Nutone fan. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 26.) However, this Court has determined that liability under this cause of action requires a showing of physical harm to third persons. *See Heath v. ILG Techs., LLC*, 2020 WL 6889164, at *8–9 (N.D. Ga. Nov. 24, 2020) ("Given the plain language of § 324A, the overwhelming proportion of Georgia cases applying § 324A in cases where physical harm, and the contrary Georgia cases' omission of § 324A's text, this Court finds that physical harm is a requirement to state a claim under § 324A.") The Plaintiff concedes there were no physical injuries resulting from the fire. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 1.) Without any evidence of physical harm to third persons, the Plaintiff's negligent undertaking of a duty claim fails as

a matter of law, and the Defendant is entitled to summary judgment.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 26] is GRANTED.

SO ORDERED, this ___23rd___ day of May, 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge