IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SEALED UNIT PARTS CO., INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:20-CV-5296-TWT |

### OPINION AND ORDER

This is a products liability action. It is before the Court on the Plaintiff's Motion for Reconsideration [Doc. 36]. After careful review, the Plaintiff's Motion for Reconsideration [Doc. 36] is GRANTED. The Court's May 23, 2022 Opinion and Order [Doc. 34] and the Clerk's Judgment [Doc. 35] are VACATED. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 26] is GRANTED in part and DENIED in part.

### I.   Background

This case arises out of a fire that occurred at a Red Roof Inn in Lithonia, Georgia on July 27, 2020. (Compl. ¶¶ 2, 10.) The fire allegedly originated within a bathroom exhaust fan sold under the model name "SM550." (*Id.* ¶¶ 2, 7–8, 10.) The Plaintiff, AmGuard Insurance Company ("AmGuard"), insured this Red Roof Inn. (*Id.* ¶ 2.) The Plaintiff alleges that the Defendant, Sealed Unit Parts Company ("SUPCO"), manufactured the fan, and that this product caused the fire. (*Id.* ¶¶ 7–8, 10.) While no personal injuries occurred, the

Plaintiff brought several claims against the Defendant to recover for the fire damage. (*Id.* ¶¶ 15–36.) The Plaintiff has abandoned its strict liability and breach of warranty claims and now proceeds only with its negligence claim against the Defendant, and the Defendant seeks summary judgment on this claim. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 14 n.4.)

## II.  Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.  Discussion

The Court finds it necessary to begin its analysis with a detailed summary of the Parties' briefing. At the time the Defendant filed its Motion for Summary Judgment, there were three claims before the Court: strict liability (Count I); negligence (Count II); and breach of warranty (Count III).

The Defendant moved for summary judgment as to all three. In its response, the Plaintiff abandoned its strict liability and breach of warranty claims. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 14 n.4.) The Plaintiff alleged that the Defendant was a manufacturer of the SM550 and that it was liable for design defect, "selling a product with a warnings defect," and failure to adequately inspect its product. (*Id.* at 14.) As a product seller, the Plaintiff argued that the Defendant was liable for negligent misrepresentation, negligent undertaking of a duty to determine whether the fan could be safely used as a bathroom fan, and failure to warn. (*Id.* at 14–15, 24–25.) The Defendant's reply brief disputed the Plaintiff's claim that it qualifies as a manufacturer under Georgia law and opposed the Plaintiff's claims against it as a product distributor. In its original Opinion and Order, the Court clearly erred in holding that the Complaint did not assert claims for negligent misrepresentation and failure to warn. Arguably, the Plaintiff's summary judgment briefing improperly amended the Complaint. But the Defendant's briefing did not make that argument.

  The Defendant is correct that it did not manufacture the electric motor. There is no evidence that the motor itself was defective. But the Defendant did more than just sell an electric motor. It packaged the motor with bathroom exhaust fan blades. Then, the Defendant advertised, marketed, and sold the motor and the fan blades together as the SUPCO model SM550. It stated, on its website and in various catalogs, that the SUPCO model SM550 is "UL

Listed," an "exact replacement" for various Broan Nutone bathroom exhaust fan motors (including model C65878), and appropriate for use in Broan Nutone bathroom exhaust fans generally.

There is a genuine issue of fact as to whether the Defendant exercised reasonable care in marketing the SUPCO model SM550 as an "exact replacement" for the Broan Nutone bathroom exhaust fans. The motor that failed here was likely manufactured between 2011 and 2013. The Defendant has been advertising, marketing, and selling the SUPCO model SM550 this way since at least 2007. The Defendant alone was responsible for the intended use and application of the subject product. It was Defendant's independent business decision to advertise, market, and sell the motor and fan blades together as an "exact replacement" of, and appropriate for use in, Broan Nutone bathroom exhaust fans. An "exact replacement" is an industry term used to determine if an aftermarket component part is equivalent to the original manufactured component in form, function, way, and result. The SUPCO model SM550 is not an exact replacement of or appropriate for use in Broan Nutone bathroom exhaust fans in several key aspects.

First, the SUPCO model SM550 motor is an impedance protected motor. Impedance protected motors attempt to prevent overheating by limiting electrical current flowing through its windings to amounts insufficient to generate hazardous temperatures by use of insulation (of various ratings) on the windings. Impedance motors, however, are susceptible to overheating

4

events generated from a short circuit within its windings. The short circuit will degrade the insulation on the windings, destroying the motor's only protection against overheating. An impedance motor will not know if its insulation has been degraded and will continue to run without any warning that is unable to prevent overheating.

In contrast, Broan Nutone bathroom exhaust fan motors contain an additional level of protection against overheating. Broan Nutone motors contain built in thermal protective devices, such as thermal cutouts, which interrupt the flow of electrical current through a motor (i.e., turn it off) if a hazardous temperature is sensed. Broan Nutone and its motor component part manufacturers have been using such a device in their motors since 2000. Critically, if the subject motor contained a thermal protective device like Broan Nutone bathroom exhaust fan motors, the fire would not have occurred because the fan would have shut off before it could have overheated and ignited nearby combustibles. The Plaintiff argues that at its deposition, Defendant ultimately admitted that the product was not an exact replacement for the Broan Nutone product because it lacked the thermal protective device.

Second, Broan Nutone bathroom exhaust fans typically contain an insulation temperature rating of Class B. The SUPCO model SM550 motor contains an insulation temperature rating of Class A, which is lower than Class B. This means that the insulation on the windings of Defendant's motor will degrade at lower temperatures than the Broan Nutone.

The Plaintiff also argues that the Defendant's advertisement and marketing that the SUPCO model SM550 is UL listed is similarly misleading. The motor of model SM550 is recognized by UL as having been tested as a motor, but not for any specific application within a product. Motors within Broan Nutone bathroom exhaust fans are evaluated specifically for use in fan under UL 507, Standard for Electric Fans. Importantly, UL 507 standards include tests for fan applications in foreseeably moisture/humidity rich areas, such as bathrooms. UL 507 also prescribes specific tests for fan applications in an unattended area, which would include application as a bathroom exhaust fan. Unattended fans can pose an additional fire hazard because they can overheat if the motor rotors become locked and no one is around to discover the issue. Without a thermal cutout device, the SUPCO model SM550 motor would likely fail the tests for use in unattended fans. The SUPCO model SM550 motor was never tested for compliance with UL 507 and, therefore, was never evaluated for use in Broan Nutone bathroom exhaust fans specifically or in bathroom exhaust fans in general. The Defendant's briefing does not dispute any of this. Therefore, summary judgment should be denied as to the Plaintiff's negligent design and negligent failure to warn claims.

## IV.   Conclusion

The Plaintiff's Motion for Reconsideration [Doc. 36] is GRANTED. The Court's May 23, 2022 Opinion and Order [Doc. 34] and the Clerk's Judgment [Doc. 35] are VACATED. For the reasons set forth above, the Defendant's

Motion for Summary Judgment [Doc. 26] is GRANTED in part and DENIED in part. The Motion for Summary Judgment is GRANTED as to the Plaintiff's strict liability and breach of warranty claims. It is DENIED as to the Plaintiff's negligence claims.

SO ORDERED, this ___9th___ day of August, 2022.

                                               */s/ Thomas W. Thrash*
                                               THOMAS W. THRASH, JR.
                                               United States District Judge